UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| REI AYANAMI-QUINN,<br>      Plaintiff,<br><br>      v.<br><br>FRANK BISIGNANO, Commissioner<br>of the Social Security Administration,<br>      Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 3:24-CV-607-JEM<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Rei Ayanami-Quinn on July 25, 2024, and Plaintiff's Opening Brief [DE 20], filed February 4, 2025. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On April 30, 2025, the Commissioner filed a response, and Plaintiff filed her reply on May 16, 2025. For the reasons set forth below, the Court remands the Commissioner's decision.

**I.    Background**

On January 31, 2019, Plaintiff filed an application for benefits alleging that she became disabled on January 10, 2018. Plaintiff's application was denied, and was then remanded from the United States District Court on February 14, 2023, for further proceedings. The case was also consolidated with a new application filed on March 11, 2022. On January 30, 2024, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff testified, with an attorney, along with a medical expert ("ME") and vocational expert ("VE"). On April 2, 2024, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant has not engaged in substantial gainful activity since January

1

      31, 2019, the alleged onset date.

2.     The claimant has the following severe impairments: degenerative disease/osteoarthritis of the knees; distal fibular fracture of the lower extremity; bilateral ankle impairments; obesity; pulmonary emboli; and pulmonary nodule.

3.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4.     The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant is limited to no more than occasional balance, stoop, kneel, crouch, or the climbing of ramps and stairs; the claimant is unable to crawl, kneel, or climb ladders, ropes, and scaffolds; the claimant must avoid all exposure to high exposed places and moving mechanical parts; the claimant necessitates the use of a cane when ambulating.

5.     The claimant is unable to perform any past relevant work.

6.     The claimant was a younger individual age 18-44 on the date the application was filed.

7.     The claimant has at least a high school education.

8.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

9.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10.     The claimant has not been under a disability, as defined in the Social Security Act, since January 31, 2019, the date the application was filed.

Because this case has previously been remanded, the ALJ's decision is the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 6]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III.    Analysis

Plaintiff argues that the ALJ erred in analysis of the medical opinions of record and failed to include all of Plaintiff's supported mental limitations in the RFC. The Commissioner argues that the ALJ's analysis was sufficient and her decision was supported by substantial evidence.

Plaintiff argues that she meets the requirements of Listing 1.18, as testified to by the ME at the hearing, and that the ALJ ignored evidence and discounted the opinion of the ME. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii); *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987) ("If the

3

impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled."). The ALJ found the ME's opinion to be not persuasive since Plaintiff's use of a mobility device "is sporadic and not documented on a continuing basis" and "the record is without clinician support that fulfills the requirements of SSR 96-9p as to medical necessity of such (i.e. describing the circumstances for which it is needed)." AR 1110-11. As Plaintiff argues, the record is full of references to Plaintiff using mobility devices, often canes or walkers and sometimes a wheelchair beginning at least as early as January of 2018.

Plaintiff argues that the ALJ cherry-picked the evidence to come to the conclusion that the ME's opinion is unsupported, when in fact it is consistent with other medical evidence in the record. Dr. Parker examined Plaintiff on behalf of the agency in November 2022 and found that the cane or crutch Plaintiff used was medically necessary and that Plaintiff was unable to stand and/or walk for at least two hours of an eight-hour workday. AR 2233. The ALJ mentioned Dr. Parker's evaluation but discounted the physician's opinion that Plaintiff's cane was medical necessary because it "appears to have been based in large part upon the examiner's uncritical acceptance of the claimant's subjective complaints," AR 1114, and did not mention the standing and walking limitation at all. Instead, she emphasized the examination results showing that Plaintiff had full motor strength and could use her fingers. The ALJ also failed to indicate what weight she gave to the physician's opinion, despite the requirement that "[t]he ALJ must explain 'how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record.'" *Willis v. Acting Comm'r of Soc. Sec.*, No. 3:21-CV-178 JD, 2022 WL 2384031, at *3 (N.D. Ind. July 1, 2022) (quoting 20 C.F.R. § 404.1520c(b)). She must explicitly address the factors of how a medical opinion is supported and how consistent it is with other

4

evidence, 20 C.F.R. § 404.1520c(b), (c), and "[f]ailure to adequately discuss supportability and consistency requires remand." *Id*. (citing *Tammy M. v. Saul*, 2021 WL 2451907, at *7–8 (N.D. Ind. June 16, 2021)).

Plaintiff points out that Dr. Parker's opinion is consistent with an evaluation of Dr. Gupta in October 2019, in which the physician concluded that Plaintiff's cane was medically necessary and that Plaintiff "is unable to stand or walk periods of time due to pain and stiffness in the right ankle and pain in knees." AR 666. The ALJ discounted Dr. Gupta's opinion on the grounds that it was made "at a time contemporaneous with the claimant's documented fibular fracture and offers little evidentiary value due to such." AR 1113. The examining physician did not describe the limitations as temporary or related to a healing fracture, and, as Plaintiff points out, the fracture was in July, many months before the examination. Even if the fracture accounted for all of the pain in Plaintiff's ankle at the time of the examination, which is not at all apparent from the record, and the fracture thereafter fully healed so that Plaintiff no longer had any ankle pain, the ALJ does not point to any part of the record that supports that conclusion. That assumption also does not account for the knee pain Dr. Gupta described as limiting Plaintiff's ability to stand and walk, leaving the Court unable to trace the logic between the medical record and the ALJ's conclusions.

To summarize, the ALJ discounted Dr. Gupta's conclusions because the ALJ decided that Plaintiff's impairments were temporary, despite their consistency with other reports in the record, including Dr. Parker's. The ALJ did not address the weight given to Dr. Parker's evaluation but appeared to discount it because Dr. Parker concluded that Plaintiff used a cane, confusingly reasoning that she "finds the claimant's use of a cane at said examination to be unsupported, as the examiner reported that said cane was medically necessary." AR 1114. The ALJ did not mention the

5

other postural limitations in Dr. Parker's report. She found the medical expert's conclusion that Plaintiff meets the requirements of Listing 1.18 to be unpersuasive because she had determined that Plaintiff's cane use was only sporadic. In short, the ALJ either failed to mention or discounted the medical opinions regarding Plaintiff's physical limitations, demonstrating cherry-picking of the record in combination with substituting her own medical judgment for those of trained physicians examining Plaintiff on behalf of the Agency. *Brown v. Saul*, 799 F. App'x 915, 920 (7th Cir. 2020) ("We have repeatedly found error when an ALJ determined the significance of medical findings on his or her own."); *Moreno v. Berryhill*, 882 F.3d 722, 729 (7th Cir. 2018) ("ALJs are not qualified to evaluate medical records themselves, but must rely on expert opinions.") (citing *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (remanding because the ALJ improperly "played doctor"); *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

The concerns that the ALJ cherry-picked evidence in support of her opinion is furthered by her treatment of the function report completed by Plaintiff's roommate in June 2022. The ALJ did not address any of the specific limitations in daily living and consistent pain reflected in the report, but completely discounted it because "a caregiver or family member is not an acceptable source for opinions," while also saying, without further explanation, that she "has taken these statements into consideration." AR 1115. ALJs are directed to consider Plaintiff's activities of daily living and information from other sources, including family and friends, SSR 16-3P, 2016 WL 1119029, at *7

6

(Mar. 16, 2016) ("Other sources may provide information from which we may draw inferences and conclusions about an individual's statements that would be helpful to us in assessing the intensity, persistence, and limiting effects of symptoms. Examples of such sources include public and private agencies, other practitioners, educational personnel, non-medical sources such as family and friends, and agency personnel."), so to the extent that the ALJ was refusing to consider the statements of Plaintiff's roommate because she was not her medical provider, that was an error, and the ALJ should have addressed what part of the statements she believed and how she took them into account. *Garcia v. Colvin*, 741 F.3d 758, 761 (7th Cir. 2013) ("The administrative law judge should have made clear whether he believed the fiancée's testimony or not, or which part he believed, or whether he had no idea how much of what she said was worthy of belief."). *Roque v. Colvin*, No. 15 C 392, 2016 WL 1161292, at *5 (N.D. Ill. Mar. 22, 2016) ("[T]he ALJ can consider the third party's relationship with the claimant and corresponding motivation or bias, but the ALJ cannot discredit the third party's statement solely for that reason . . . The ALJ's dismissal of [a] lay opinion solely because she was not a treating source and because of her personal relationship with [the plaintiff] was error.") (quotation omitted).

This case is being remanded for a thorough analysis of all of the medical evidence in the record, including a new physical examination if necessary, and a thorough evaluation of whether Plaintiff meets the criteria of a Listing. On remand, the ALJ is also reminded of the need to include all of the supported mental limitations into the RFC and to address the persuasiveness of all medical opinions, including those regarding Plaintiff's mental health.

**VI.   Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's

Opening Brief [DE 20] and **REMANDS** this matter for further proceedings consistent with this opinion.

 SO ORDERED this 11th day of July, 2025.

s/ John E. Martin        
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record